IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

DONALD J. HEFFLINGER )
and MICHELLE GRIFFITHS, )
)
      Plaintiffs, )  TC-MD 230312N
)
      v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
      Defendant. )  **DECISION OF DISMISSAL**

This matter came before the court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Motion), filed November 22, 2023. Plaintiffs filed a response to the Motion on December 27, 2023. This matter is now ready for the court's determination.

## I. STATEMENT OF FACTS

Plaintiffs filed their Complaint for the 2021 and 2022 tax year on June 2, 2023, challenging Defendant's Notices of Refund Offset for the 2021 and 2022 tax years. (Compl at 1-5.) Each notice states that Plaintiffs' refund was used to pay a debt to the Department of Consumer and Business Services (DCBS). (*Id.* at 4-5.) The notices do not list any penalties or interest. (*Id.*) The notices apprised Plaintiffs of the opportunity to request that Defendant divide the refund "based on each person's share of the total adjusted gross income." (*Id.* at 6.)

Plaintiffs filed this appeal, writing that the notices were in error because "This is not a tax debt. Your client (DCBS) has already settled their claims on February 16, 2016." (Compl at 1.) They requested the following relief: "Please dismiss all fees/penalties and fines. * * * I want my refund returned for 2021 + 2022 taxes (ODOR)." (*Id.*) In a letter attached to the Complaint, Plaintiffs requested "a waiver of all fines and penalties" due to Plaintiff Donald Hefflinger's

disability. (*Id.* at 7.) Plaintiffs allege they are "not able to afford any amount fines or penalties." (*Id.*) Additional attachments to the Complaint include documents pertaining to Hefflinger's disability (Compl at 9-21); communications with DCBS (Compl at 22-30); and a regulatory action taken by DCBS (Compl at 31-39). Plaintiffs attached a letter from Hefflinger requesting that the 2020 and 2021 refunds be split because his "wife is not responsible for the debt * * *." (*Id.* at 40.) In support, they attached Injured Spouse Allocation forms for the 2021 and 2022 tax years, and their federal tax returns for those years. (*Id.* at 41-48.)

Defendant filed its Answer on June 8, 2023, reporting that it had processed Plaintiffs' request to divide the refund and would issue partial refunds to Plaintiff Michelle Griffiths for the 2021 and 2022 tax years on June 13, 2023. (Ans at 1.) Defendant requested that the case be dismissed, citing Oregon Administrative Rule (OAR) 150-314-0254. (*Id.*)

After the court scheduled a case management conference for July 5, 2023, Hefflinger made a string of rescheduling requests. The case management conference was ultimately held on October 3, 2023. As reflected in the court's Journal Entry entered the same day, Hefflinger confirmed that Plaintiffs' injured spouse claim was resolved and his remaining claims pertained to the underlying debt with DCBS, interest and penalties imposed, and a recent garnishment. The court gave Hefflinger two weeks to file a written response either dismissing his appeal or identifying a claim over which this court has jurisdiction.

On October 17, 2023, Plaintiffs filed a letter with the subject "Request to continue with case 230312N," referencing "fraudulent documentation brought forth by the [DCBS]" and requesting that the claim "be recalled back to the [DCBS] and reviewed by the Chief Officer of the Office of Administrations hearings for their fraudulent, dishonest, claims" in this case. (Ltr at 1, Oct 17, 2023.) Plaintiffs attached additional documents composed of correspondence with

DCBS and regulatory action taken by DCBS. (*Id.* at 4-22.)

Defendant moved to dismiss Plaintiffs' appeal for lack of subject matter jurisdiction, noting that Plaintiffs' submissions to the court acknowledge that the DCBS debt is not a "tax debt" and that the only tax issue – division of the refunds – has been resolved. (Def's Mot at 1-2.) Defendant argues that Plaintiffs' claims against DCBS do not arise under the tax laws of this state. (*Id.* at 2, citing ORS 305.410.) In addition, Plaintiffs' claims do not present questions that must be resolved to determine taxability or the amount of tax, or a precondition to taxation. (*See id.*, citing *Sanok v. Grimes*, 294 Or 684, 697, 662 P2d 693 (1983) and *Perkins v. Dept. of Rev.*, 22 OTR 370, 374-5 (2017).)

## II. ANALYSIS

The issue presented is whether this court has jurisdiction over any of Plaintiffs' claims for the 2021 and 2022 tax years.

Defendant correctly describes this court's subject matter jurisdiction under ORS 305.410 and cases interpreting that statute.[1] Plaintiffs' Complaint presented an issue over which this court has jurisdiction – specifically, their request that Defendant divide their refund for the 2021 and 2022 tax years[2] – but that issue has been resolved. Plaintiffs do not allege that Defendant made any adjustment to Plaintiffs' tax liability for the 2021 and 2022 tax years. Defendant is required to refund overpayments of tax, but the amount of the refund is reduced by amounts offset to state agency debts. *See* ORS 314.415(1) and (2)(b) (requiring refund less offsets); ORS 293.250(2)(a) (department to assist in collecting state agency debt); *Appellof v. Dept. of Rev.*, TC–MD 170077G, 2017 WL 6343617 at *2 (Or Tax M Div, Dec 12, 2017) (discussing

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2021.

[2] In the case of a joint return, ORS 314.415(7) allows Defendant to make separate refunds at the request of either spouse, and Defendant did so in this case.

foregoing statutes).

Plaintiffs' only remaining claims all pertain to actions taken by DCBS. As Plaintiffs acknowledged, their DCBS claims are not tax claims. Indeed, the statute authorizing appeal to this court contemplates that the person appealing is "aggrieved by and affected by an act, omission, order or determination of: [t]he Department of Revenue in its administration of the revenue and tax laws of this state; [a] county board of property tax appeals * * *; [a] county assessor * * *; or [a] tax collector." ORS 305.275(1)(a). DCBS does not appear on that list. Plaintiffs seemed to acknowledge in their filings that this court cannot grant their requested relief when they asked that the case be "recalled" to DCBS or the Office of Administrative Hearings. Plaintiffs cited no authority in support of that request and the court is aware of none. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Complaint is dismissed.

Dated this _____ day of March 2024.

_____

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on March 6, 2024.*